UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **OCTOBER VISHAUN JONES,**<br>      Plaintiff,<br><br>v.<br><br>**JEFFERSON COUNTY COMMISSION,**<br>      Defendant. | Case No. 4:22-cv-537-CLM |

## MEMORANDUM OPINION

Plaintiff October Vishaun Jones filed a *pro se* complaint against the Jefferson County Commission. (Doc. 1). The case was originally assigned to a magistrate judge, who granted Jones's motion to proceed *in forma pauperis*. (Doc. 4). When a plaintiff proceeds *in forma pauperis*, the court must screen the plaintiff's claims and dismiss the complaint if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). For the reasons explained below, the court finds that Jones has failed to state a claim upon which relief can be granted, so the court **DISMISSES** her case without prejudice.

### LEGAL STANDARD

This court must review the merits of *in forma pauperis* cases. *See* 28 U.S.C. § 1915(e)(2)(B). When reviewing a complaint for failure to state a claim, the court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Lanfear v. Home Depot, Inc.*, 697 F.3d 1267, 1275 (11th Cir. 2012). The ultimate question is whether Jones's allegations, when accepted as true, "plausibly give rise to an entitlement of relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). This court construes *pro se* complaints liberally, but cannot "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

## STATEMENT OF FACTS[1]

Plaintiff October Vishaun Jones, a Black female, has worked for the County as a striping operator for three years. (Doc. 1, p. 3).

When the COVID-19 pandemic started, County workers were assigned to work in specific trucks to limit contact with others. (*Id.*). Jones alleges that in November 2021, her supervisor, Carlos Windham, reassigned her to work on a different truck. (*Id.*). Jones objected that working on another truck violated the County's COVID-19 policy. (*Id.*). She offered to do the required work from her assigned truck, but Windham refused. (*Id.*). According to Jones, Windham said, "I am the man and you have to do what I say." (*Id.*). Windham reported that Jones was refusing to do her job, and Jones was written up and suspended for 10 days. (*Id.*). Jones believes she was written up and suspended for 10-days because of her race and sex. (*Id.*).

Jones also alleges that Heather Carter made some kind of decision that Jones appealed. (Doc. 1, p. 3). According to Jones, Wesley Gregory has been harassing her for parking in a particular parking space since she appealed that decision. (*Id.*). Jones believes that Gregory wants her to park in a difference space so that White men can park in the disputed spot. (Doc. 5, p. 12).

After her suspension, Jones filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Doc. 1, p. 11). The EEOC dismissed the charge and issued Jones her notice of suit rights.

Jones filed a *pro se* complaint against the Jefferson County Commission ("the County"). (Doc. 1). She also moved to proceed *in forma pauperis* ("IFP"). (Doc. 2). The magistrate judge granted the motion to proceed IFP. (Doc. 4).

---

[1] The court takes some facts from Jones's original complaint, which is no longer the operative complaint. The court may consider the allegations in the original complaint because the complaint is (1) central to Jones's claims, and (2) its authenticity is not reasonably challenged. *See SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010).

Because Jones was granted IFP status, the magistrate judge next reviewed the complaint under 28 U.S.C. § 1915(e)(2)(B). (Doc. 6, p. 2). The court determined that Jones sought to bring two causes of action for discrimination and retaliation, but her complaint did not adequately state a claim upon which relief could be granted. (*Id*).

The magistrate judge instructed Jones to file an amended complaint that, regarding her discrimination claims, stated whether her suspension was paid or unpaid, and identified a similarly situated employee. (Doc. 4, p. 10). And regarding her retaliation claim, Jones was instructed to provide more details about the decision she appealed, the consequences she suffered because of that appeal, and why she believes the appeal and the parking issues are related. (Doc. 4, p. 13).

Jones filed an amended complaint (Doc. 5). The new complaint contains two new allegations that might raise a claim for relief: (1) the mostly Black employees who work in her building cannot leave until 4:30, while the mostly White employees who work in a building may leave at 4:23; and (2) the County supplies the male employees with uniforms but does not provide a uniform for her—the only female in her department. (Doc. 5, pp. 8–9).

The magistrate judge reviewed Jones's complaint again, and determined that it was still deficient. (Doc. 6, p. 2). The case was reassigned to this court, which is bound to review the complaint under 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

This court must review the merits of an *in forma pauperis* complaint, and dismiss the case if the court determines that it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

At the direction of the magistrate judge, Jones filed an amended complaint. (Doc. 5). The amended complaint consists mostly of what appear to be emails in which Jones complains to someone with the County about various incidents. (*Id.*). The emails describe four issues which might raise a claim for relief: (1) a 10-day suspension; (2) Jones's appeal; (3) the

3

mostly Black employees who work in her building cannot leave until 4:30, but the mostly White employees who work in another building may leave at 4:23; and (4) the County supplies the male employees with uniforms but does not provide a uniform for her. (Doc. 5, pp. 8–9). The court will consider each issue in turn.

### A. 10-Day Suspension

Jones alleges that she was suspended for 10 days because of her race and sex. (*See* Doc 1, p. 3). But for the reasons below, the court finds that Jones has failed to state a plausible claim for race or sex discrimination.

Title VII prohibits employers from discriminating against employees because of their race or sex. 42 U.S.C. § 2000e-2(a)(1). There are two theories of intentional discrimination under Title VII: disparate treatment discrimination, and pattern or practice discrimination. *Burke-Fowler v. Orange Cty., Fla.*, 447 F.3d 1318, 1322 (11th Cir. 2006). A third theory of discrimination under Title VII prohibits neutral employment practices that, although non-discriminatory on their face, have an adverse, disproportionate impact on a statutorily protected group. *E.E.O.C. v. Joe's Stone Crab, Inc.*, 220 F.3d 1263, 1274 (11th Cir. 2000).

Jones makes no allegations of a pattern or practice of discrimination, or an employment practice that adversely and disproportionately impacts her protected class, so her claims will be analyzed as alleging disparate treatment.

Disparate treatment claims come in two forms: (1) those involving "tangible employment action" such as termination, and (2) those alleging a "hostile work environment" that changes the terms and conditions of employment even though the employee does not suffer a tangible employment action. *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 807 (11th Cir. 2010).

A plaintiff may establish a Title VII disparate treatment claim with direct or circumstantial evidence. *Burke-Fowler*, 447 F.3d at 1323. Direct evidence tends to prove the existence of a fact without inference or presumption. *Id.* On the other hand, a statement or action that suggests,

but does not prove, a discriminatory motive is circumstantial evidence. *Damon v. Fleming Supermarkets of Fla.*, 196 F.3d 1354, 1359 (11th Cir. 1999) (internal quotation marks omitted). Here, the comment Jones attributes to Windham—"I am the man and you have to do what I say"—does not directly link her protected status with an adverse employment action, so it does not constitute direct evidence. But it does suggest that her suspension and her sex might be related, and therefore it constitutes circumstantial evidence of sex discrimination.[2]

Disparate treatment claims based on circumstantial evidence are evaluated under the *McDonnell Douglas* burden-shifting framework. *Burke-Fowler*, 447 F.3d at 1323. Under this framework, a plaintiff establishes a prima facie case by showing that (1) she belongs to a protected class, (2) she suffered an adverse employment action, (3) her employer treated similarly situated employees outside of her class more favorably, and (4) she was qualified to do the job. (*Id.*).

Jones has established that she belongs to a protected class, and the court will assume she is qualified to perform her job as it appears she is still employed by the County. (*See* Doc. 2, p. 1). But Jones has not provided enough information for the court to conclude that she suffered an adverse employment action, nor has she alleged that the County treated similarly situated employees outside of her class more favorably.

The magistrate judge provided specific instructions to Jones regarding how to cure her complaint. (*See* Doc. 4, pp. 7–10). For example, Jones was instructed to explain whether her suspension was paid or unpaid. (*See* Doc. 4, p. 10). This is important because "a simple paid suspension is not an adverse employment action." *Davis v. Legal Servs. Alabama, Inc.*, 19 F.4th 1261, 1267 (11th Cir. 2021).

The amended complaint fails to comply with the magistrate judge's instructions. So the court finds that Jones has failed to state a plausible claim for relief under either a race or sex discrimination theory.

---

[2] Nothing in either of Jones's complaints constitutes circumstantial evidence of race discrimination. So the court will consider whether Jones has stated a claim for sex discrimination, but not race discrimination.

### B. Heather Carter's Decision That Jones Appealed

Jones alleges that after she appealed a decision made by Heather Carter, she was asked to park in a different parking space. (Doc. 1, p. 3).

Title VII prohibits employers from retaliating against an employee "because [s]he has opposed any practice made an unlawful employment practice by [Title VII]." 42 U.S.C. § 2000e-3(a). A plaintiff makes out a prima facie case of retaliation by plausibly alleging that (1) she engaged in statutorily protected activity; (2) she suffered an adverse action; and (3) the adverse action was causally related to the protected activity. *Patterson v. Ga. Pac., LLC*, 38 F.4th 1336, 1344–45 (11th Cir. 2022).

But Jones has not alleged any of the elements of a retaliation claim. First, Jones does not allege that she engaged in a protected activity. She says that she appealed a certain decision by Heather Carter, but does not provide any details about the decision, or the appeal itself.

She also has not alleged that she suffered an adverse employment action. In the context of a Title VII retaliation claim, a materially adverse action is one that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Crawford v. Carroll*, 529 F.3d 961, 974 (11th Cir. 2008) (internal quotation marks omitted). Jones's claim that Gregory wants her to park in another parking space because of her appeal does not appear to be the type of adverse action that might dissuade a reasonable worker from making a charge of discrimination.

And lastly, Jones has not sufficiently connected the alleged adverse action to her appeal. To show a causal connection, Jones must show that her "protected activity was a but-for cause of the alleged adverse action." *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2012). Thus, Jones needs to establish that her appeal and Gregory's conduct are related.

The magistrate judge explained these requirements to Jones, and instructed Jones to provide additional details about her alleged protected activity, the adverse action she suffered as a result of her appeal, and the

connection between her protected activity and the adverse action. (*See* Doc. 4, pp. 11–13).

But the amended complaint fails to comply with these instructions. So the court finds that Jones has failed to state a plausible claim for relief under a retaliation theory.

### C. Different End Times

In her amended complaint, Jones explains that the mostly Black employees who work in her building cannot leave until 4:30, but the mostly White employees who work in another building can leave at 4:23. (*See* Doc. 5, p. 8).

"While not everything that makes an employee unhappy is an actionable adverse action, conduct that alters an employee's compensation, terms, conditions, or privileges of employment does constitute adverse action under Title VII." *Shannon v. Bellsouth Telecomms, Inc.*, 292 F.3d 712, 716 (11th Cir. 2002) (quoting *Bass v. Bd. of Cnty. Comm'rs*, 256 F.3d 1095, 1118 (11th Cir. 2001)). Jones's allegation may not rise to the level of an adverse action, but it may affect the terms, conditions, or privileges of Jones's employment. Jones's allegation about different end times might give rise to a claim for race discrimination.

But before filing suit under Title VII, an employee must first file a timely charge of discrimination with the EEOC. *See, e.g.*, *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1271 (11th Cir. 2002). This requirement gives the EEOC the first opportunity to investigate alleged discriminatory practices, and to perform its role in obtaining voluntary compliance and promoting conciliation efforts. *Gregory v. Georgia Dep't of Hum. Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004). The Eleventh Circuit has explained that a plaintiff's judicial complaint "is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.* at 1280 (quoting *Alexander v. Fulton Cnty., Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000)). Thus, the proper inquiry is whether Jones's complaint was like or related to, or grew out of, the allegations contained in her EEOC charge. *Gregory*, 355 F.3d at 1280. But courts

should be "extremely reluctant to allow procedural technicalities to bar claims" brought under Title VII, and should not strictly interpret the scope of an EEOC charge. *Id.* (citing *Sanchez,* 431 F.2d at 460–61, 465).

Jones's EEOC complaint describes the events leading up to her 10-day suspension. (Doc. 1, p. 11). She explains that her supervisor reassigned her to work on the cone truck, and she in turn pointed out that this arrangement would violate the company's COVID-19 policy. (*Id.*). Her supervisor then told her, "I am the man, and you have to do what I say." (*Id.*). He then reported that Jones was refusing to do her job, and Jones was written-up and suspended for 10-days. (*Id.*). Jones asserts that this discipline and suspension was based on her race and sex.

The facts alleged in Jones's EEOC charge could not reasonably have been extended to encompass a claim for racial discrimination with respect to scheduling. In other words, a reasonable EEOC investigator would not have concluded that what she complained about is disparate treatment as for the time employees in her building are allowed to leave.

Accordingly, the court finds that Jones failed to exhaust her administrative remedies with respect to a racial discrimination claim based on work hours.

### D. Uniforms

In her amended complaint, Jones explains that all the men in her building have uniforms, but she—the only female employee in her department—does not. (*See* Doc. 5, pp. 8–9). This allegation might give rise to claim for sex discrimination.

But as explained above, filing a charge with the EEOC is a prerequisite to filing a lawsuit under Title VII. And again, the proper inquiry is whether Jones's complaint was like or related to, or grew out of, the allegations in her EEOC charge. *See Gregory*, 355 F.3d at 1280.

Jones's EEOC complaint explains that she complained about violations of the company's COVID-19 policy, and was suspended for 10 days after doing so. She mentions nothing about uniforms, or

8

discrimination in any other context. Thus, a reasonable EEOC investigator would not have concluded that she complained about sex discrimination or disparate treatment over uniforms.

The court finds that Jones has failed to exhaust her administrative remedies with respect to a claim for sex discrimination based on the County's failure to provide her with a uniform.

\* \* \*

For the reasons explained above, this case is **DISMISSED** without prejudice. The court **DIRECTS** the Clerk to mail a copy of this Memorandum Opinion, and the accompanying Order, to Jones.

**DONE** on February 9, 2023.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE